UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS
DKT NO. 1:18-mj-07179-JCB

*******************************
UNITED STATES OF AMERICA

       v.

BRIAN WALSHE
*******************************

## MOTION OF DEFENDANT FOR BILL OF PARTICULARS

Now comes the defendant who moves this Honorable Court to Order that the Government provide him with a Bill of Particulars, or in the alternative, discovery, as to the following matters allegations:

1.  The date and time of the alleged offense;

2.  The place of the alleged offense;

3.  The manner and means to commit the alleged offense;

4.  The people with whom it is alleged the offense was committed;

5.  The names and addresses of any persons who actively participated in the matters to which the defendant stands accused and who furnished information to law enforcement officers;

6   If the answer to the preceding request is that the defendant is charged with being in a joint enterprise with another, then the name, address, date of birth, FBI criminal index number, social security number and all other relevant N.C.I.C. statistics concerning the other party;

7.  If there are any uncharged individuals who the Government contends were acting in concert with the defendant, but remain uncharged in this matter, whether an agreement between such person and the Government has been reached or not, If the answer to the preceding request is that the defendant is charged, then the name, address, date of birth, FBI criminal index number, social security number and all other relevant N.C.I.C. statistics concerning said individual, as well as the details of any such agreement if such an agreement has been made or approached;

8. The precise manner in which any alleged continuing act charged in the indictments took place.

As grounds for this motion, the defendant submits that the allowance of this motion is necessary for it to adequately prepare for potential Motions to Suppress, Dismiss and Sever as well as trial. Respectfully submitted,

WHEREFORE, the defendant, Brian Walshe, respectfully requests that this Honorable Court allow this motion as requested.

Respectfully submitted,

Brian Walshe

By his attorney,


Samuel B. Goldberg
BBO #549248
68 Howard Street Ext.
Salem, MA 01970
Dated:  October 24, 2018

## CERTIFICATE OF SERVICE

I, Samuel B. Goldberg, hereby certify that on June17, 2019, I served a true copy of the foregoing document on upon all parties, by electronically filing to all ECF registered parties.


/s/ Samuel B. Goldberg

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS
DKT NO. 1:18-mj-07179-JCB

*******************************
UNITED STATES OF AMERICA

        v.

BRIAN WALSHE
*******************************

## MOTION OF DEFENDANT FOR ADDITIOINAL DISCOVERY

The defendant moves this Honorable Court to enter an Order providing for specific discovery. In the instant case, the Government has given certain documents to the defense for purposes of discovery. However, said items are primarily items that federal investigators took from the Walshe home. Other items include copies of emails which the defendant already had.

But for reports concerning finger-prints, the Government has given nothing that would enlighten the defense so as to prepare it for motions to suppress, dismiss and sever, not to mention trial. While this was apparently a long investigation which reached through various states and at least one other country, the defense has no investigative paperwork either created by Government agencies/law enforcement or reflecting the investigation, let alone approaches with witnesses, including but not not limited to any agreements therewith. Moreover, the defendant remains in the dark as to any agreements made on behalf of international witnesses with foreign governments. The defendant in this case is further handicapped as he cannot leave the United States to seek or investigate these materials on his own.

As noted below, Defendant is moving the court for an Order directing the United States Attorney, the Federal Bureau of Investigation, and whatever other law enforcement agencies to provide defense counsel with copies of investigative reports in this matter. This motion is based on, among other things, the belief that the reports contain exculpatory evidence to exonerate defendant. Thus far, the defendant has requested unsuccessfully for such reports be provided.

The overriding concern of the Brady rule, that the Government's withholding of material exculpatory evidence violates due process, is with the justice of the finding of guilt, and that the Government's interest in a criminal prosecution is not that it will win a case, but that justice will be done. Evidence is "material," within the meaning of the Brady due process rule requiring the government to disclose material exculpatory evidence, when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different, and a "reasonable probability"

of a different result is one in which the suppressed evidence undermines confidence in the outcome of the trial. Turner v. U.S., 137 S. Ct. 1885, 198 L. Ed. 2d 443 (2017) .

The defendant respectfully seeks the following:

1. The details of any consideration given any such witnesses and any documents that relate or describe such consideration. Consideration includes but is not limited to immunity from prosecution, any promises, any monetary considerations, the details of any plea bargain in association therewith, any beneficial treatment with regard to tax matters, placement in protective custody, better conditions of confinement, or relocation and expenses, and the like;

2. An opportunity to interview government agents who were involved in this case, and if they were given anything that could be described as consideration in regard to their testimony any discovery in that area;

3. Discovery as to any and all reports generated by the interviews and/or debriefing of Government's witnesses;

4. Any information in regard to whether or not set procedures of the Justice Department were used or followed in the course of this investigation, interviews and/or debriefing and if so, what those procedures were and where and how the defendant may obtain written copies of such procedures;

5. The source of any written guidelines and protocols to be followed by government agents with regard to investigations into charges such as in this case.

6. The source of any written guidelines and protocols to be followed by government agents with regard to investigations in which witnesses and the investigation involve governments and citizens living outside the United States.

7. Whether there were any case initiation reports written pursuant to 9-1.175, U.S. Attorneys Manual and copies of same as well as whether there are any "sensitive criminal investigation reports" or memoranda as described in 1-5.600 of the U.S. Attorneys Manual and the Justice Department and copies of same.

8. The disclosure of any and all Brady Material or, in the alternative, the existence of same;

9. Whether there are any procedures used for the authorization of body recorders, a copy of said procedures, and a statement as to whether said procedures were followed in this case and if not, why they were not followed.

10. Production of all information including documents, known to the government which related to any prior bad acts of Government witnesses. See    Rule   608(b), Federal Rules of Evidence, and 3 Weinstein's Evidence, paragraph      6.08   (5),   at

6.08-25 (1976);

11. All rough notes of any agents or law enforcement personnel involved in the interviews and debriefing of Government witnesses

12  That the government make inquiry of all agencies, state, federal and city, who have had a role in the investigation of this case to determine whether or not they possess any discoverable material, obtain same, and provide it;

13. If any government witnesses have involvement with the law or criminal justice system, the rap sheets with regard to Government witnesses;

14  Discovery of any notes prepared by any person in the Office of the United States Attorney or Justice Department which such notes have been signed or otherwise adopted by said witnesses;

15. Any Grand Jury minutes of all Government Witnesses upon which the grand jury relied in association with the instant Indictment;

16. A description and/or evidence reflecting prior relationships between the Government witnesses and the Federal Bureau of Investigation as described by said witness Ron Rivlin, in writing, reflected in email and discovery already provided; and

17. If there is any intent on the part of the Government to offer expert testimony at the trial of this matter, the defense requests notice of same, together with the identity and basis of such expert testimony and witness.

WHEREFORE, the defendant, Brian Walshe, respectfully requests that this Honorable Court allow this motion as requested.

REQUEST FOR ORAL ARGUMENT
Defendant believes that oral argument will assist the Court and requests a hearing on this motion.  Local Rule 17(c).

Respectfully submitted,

Brian Walshe

By his attorney,

Samuel B. Goldberg
BBO #549248
68 Howard Street Ext.
Salem, MA 01970
Dated:  October 24, 2018

## CERTIFICATE OF SERVICE

I, Samuel B. Goldberg, hereby certify that on June17, 2019, I served a true copy of the foregoing document on upon all parties, by electronically filing to all ECF registered parties.


/s/ Samuel B. Goldberg

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS
DKT NO. 1:18-mj-07179-JCB

*******************************
UNITED STATES OF AMERICA

v.

BRIAN WALSHE
*******************************

MOTION OF DEFENDANT FOR
LETTERS AND PRESS RELEASES
CONCERNING BRIAN WALSHE

Now comes the defendant, Brian Walshe, and moves that this Court order the Government to furnish the defendant with copies of all correspondence received by the Government involving the investigation and arrest of Brian Walshe which were written to the government, or its agents, regarding Brian Walshe whether or not the government actually used information contained therein as part of its investigation, as well as any press releases regarding this case which were released by the Government regarding this matter.

Respectfully submitted,

Brian Walshe

By his attorney,


Samuel B. Goldberg
BBO #549248
68 Howard Street Ext.
Salem, MA 01970
Dated:  October 24, 2018

CERTIFICATE OF SERVICE

I, Samuel B. Goldberg, hereby certify that on June17, 2019, I served a true copy of the foregoing document on upon all parties, by electronically filing to all ECF registered parties.


/s/ Samuel B. Goldberg